### Thomas L. Mizner *vs.* George Munroe.

Notice to a tenant at will that his landlord has made a lease of the premises to another person need not state that such lease is in writing.

The authority of an attorney by whom a notice to a tenant at will that his landlord has leased the premises to another is signed need not be known to the tenant.

ACTION on the Rev. Sts. *c.* 104, commenced on the 12th of July 1855, for possession of a dwelling-house in Boston.

At the trial in the superior court of Suffolk at May term 1856, it appeared that Norton Newcomb, the owner of this house, executed and delivered a written lease of it to the plaintiff, dated June 30th 1855, for one year; that the defendant was then tenant at will of the same, paying rent quarterly; and that the following notices, which were both written upon one piece of paper, were duly served on the defendant on the day of their date.

" Boston, June 30, 1855. Mr. George Munroe, Dear Sir, This is to inform you that I have this day leased the premises now occupied by you, number nine Garden Court Street, in Boston, to Thomas L. Mizner. You will please conduct yourself accordingly.                         Norton Newcomb,

" by his attorney, M. Dyer, Jr."

" Mr. George Munroe, Dear Sir, You are hereby notified to quit and deliver up to me, within five days, the premises now occupied by you, number nine Garden Court Street, in Boston. You being tenant at sufferance, no further notice will be given. I am particularly desirous of obtaining the peaceable and quiet possession of the premises, if possible; otherwise, I must have recourse to legal measures; the premises having been leased by the owner, Norton Newcomb, to me. Boston, June 30, 1855.                         Yrs truly, Thomas L. Mizner,

" by his attorney, M. Dyer, Jr."

It was admitted that Newcomb and Mizner authorized Dyer to give these notices, as the attorney of each, and to sign their names thereto. But there was no evidence that the defendant ever knew or recognized Dyer as their attorney, except from these notices and his conduct at the time of serving them, or had any other notice or information of the written lease, or of a determination of his tenancy. But it was in evidence that at the service of the notices on him, which was done personally, he made no objection to the agency of Dyer, expressed no doubt thereof, nor required any proof or information as to the authority of Dyer to give the notices, and that he then had opportunity so to do.

On this evidence the defendant moved that the plaintiff be nonsuited. But *Nash,* J. refused the motion, and instructed the jury that the notices were sufficient information to the defendant of the determination of his tenancy; and that if the defendant did not object to the form of signature at the time the notices were served on him, and did not question nor require further information or proof of the authority of Dyer, the notices were legal and sufficient. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. H. Kingsbury*, for the defendant, cited *Furlong* v. *Leary*, 8 Cush. 409; Paley on Agency (3d Amer. ed.) 345; *Right* v. *Cuthell*, 5 East, 498; *The Queen* v. *Justices of Worcester*, Will., Woll. & Hodges, 152; *Doe* v. *Goldwin*, 2 Ad. & El. N. R. 143; *The Queen* v. *Justices of Surrey*, 5 Ad. & El. N. R. 511.

*M. Dyer, Jr.*, for the plaintiff.

METCALF, J.   The written lease for a year, given by New-comb to the plaintiff, terminated the defendant's tenancy at will, and gave the plaintiff a right to institute and maintain this action, after the defendant had received due notice of that lease. *Furlong* v. *Leary*, 8 Cush. 409.   And we think due notice thereof was received by the defendant.   Twelve days before this action was commenced, Newcomb gave him written notice that he had made a lease to the plaintiff, and the plaintiff, at the same time, gave him a like notice.   This was more than the law required.   A notice from the plaintiff alone would have been sufficient; and that notice need not have been in writing.

The first objection made to the notices which were given to the defendant is, that they did not state that the lease to the plaintiff was in writing.   But, as the defendant received notice of a lease, and was thereupon requested to conduct himself accordingly, and quit the house in five days, he must have known that such a lease was meant as had terminated his tenancy at will, made him tenant at sufferance, and authorized the lessee to require him immediately to quit; and that none but a written lease would have this effect.   The notices were not of themselves proof of the fact that a lease had been given to the plaintiff, and would not have been proof that it was in writing, if they had so stated.   The facts stated in a notice, if not admitted, must be proved in court; and in the present case, the fact was proved that a lease of the house for a year, and in writing, was given by Newcomb, the owner, to the plaintiff. We think the defendant had sufficient notice of the lease, and that he disregarded that notice at his peril.

The other objection made to these notices is, that the defend-ant did not thereby know that they were signed by the author-ized attorney of Newcomb and the plaintiff.   But we think the

defendant might as well object to the notices on the ground that he did not know that they were not forgeries. The genuineness of the notices, and the authority of the attorney who signed them, were matters to be proved at the trial, if not admitted. *Reade* v. *Kennedy*, 12 Irish Law R. 565. And the attorney's authority was admitted at the trial.

The decisions cited for the defendant, on this point of the authority of an attorney who signed a notice in the name of his constituent, are not applicable to this case. They all relate, either to some special provision of an English statute, or to notices given to tenants to quit. But the present defendant, being a tenant at sufferance after the lease was made to the plaintiff, was not entitled to notice to quit, but only to notice that his tenancy at will was terminated; and the only question is, whether he had sufficient notice of that fact. We are of opinion that he had.               *Exceptions overruled.*